Garner *vs.* The State of Georgia.

5th. Because the jury found contrary to the law and the evidence.

The Court granted a new trial. It is said that this was error, because the Court erred in charging the jury that the Act of the 14th of December, 1861, and all the Stay Laws, including that of November 29th, 1862, were unconstitutional, and in charging that the decision of the Supreme Court covered the Acts of December 14th, 1861, and November 29th, 1862; because he should have ruled out said *fi. fa.*, and because he granted said new trial.

WRIGHT & FEATHERSTON, for plaintiff in error.

ALEXANDER & WRIGHT, for defendant in error.

---

LEMUEL GARNER, plaintiff in error *vs.* THE STATE OF GEORGIA, defendant in error.

A defendant was indicted for the offense of riot, and on being arraigned, plead "not guilty," and was put upon his trial before the jury, and after the evidence was closed on both sides, the defendant withdrew his plea of "not guilty" and plead "guilty," which latter plea was entered on the minutes of the Court. After the jury were discharged from further consideration of the case, the defendant withdrew his plea of "guilty" and so notified the presiding Judge, in October, 1867. But the records of the Court do not show anything as to such withdrawal of the plea of guilty. No judgment was passed on the defendant at that time. In October, 1870, the defendant was called on to show cause why judgment should not be passed upon him for the offense, on his plea of guilty as it appeared on the records of the

Garner *vs.* The State of Georgia.

Court. The defendant showed for cause, the above recited facts, which did not appear on the records of the Court, and the Court passed judgment on the defendant in accordance with the facts as the same appeared on the records of the Court, to which the defendant excep-ted:

*Held,* That the proceedings of a Court are known by its records, and if the facts insisted on by the defendant for arresting the judgment did not appear on the records of the Court, the legal presumption is, that they did not exist, especially after the lapse of three years.

Criminal Law. Arrest of Judgment. Before Judge PAR-ROTT. Murray Superior Court. October Term, 1870.

All that appears by the record of this case is as follows: At October Term, 1867, Judge Milner, then presiding, issued an order, reciting that at the then last term of the Court Garner was put upon trial for riot, and, after all the evidence for the prosecutoin had been introduced, withdrew his plea of not guilty and pleaded guilty; and an order requiring him to show cause why he should not then be sentenced for said crime. At October Term, 1870, before any sentence was passed upon him, his counsel withdrew said plea of guilty and pleaded not guilty. At this last term his counsel moved in arrest of judgment, upon the ground that the withdrawal of the plea of guilty and the plea of not guilty were a bar to further proceedings against Garner until trial and conviction. In this motion it is said that said withdrawal " was recognized and allowed by the then presiding Judge." Judge Parrott overruled this motion in arrest of judgment at October Term, 1870, and sentenced Garner. The bill of exceptions recites that said withdrawal was before the Court adjourned, but after the jury was discharged from the consideration of the case; that the Judge was notified of said withdrawal, " and hence said Judge, in October, 1867, did not pronounce any sentence or pass any judgment against said defendant." This refusal to arrest the judgment is assigned as error.

J. A. W. JOHNSON, J. A. R. HANKS, for plaintiff in error,

Davis *vs.* McDonald.

C. E. BROYLES, Solicitor General, by D. A. WALKER, and R. J. McCAMY, for the State.

WARNER, J.

There was no error in the Court below, in refusing the motion in arrest of judgment, on the statement of facts disclosed by the record. The proceedings of a Court are only known by its records, and if the facts insisted on by the defendant for arresting the judgment did not appear on the records of the Court, the legal presumption is that they did not exist, especially after the lapse of three years.

Let the judgment of the Court below be affirmed.